# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LOUIS SAIZ, | CASE NO. 1:12-cv-00912-AWI-SMS |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | |
| HANFORD POLICE DEPARTMENT, | |
| Defendant. | (Doc. 1) |

### Screening Order

Plaintiff Martin Louis Saiz proceeds *pro se* and *in forma pauperis* in this action alleging excessive force in executing an arrest pursuant to 42 U.S.C. § 1983.

**I.  Screening Requirement**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and must dismiss it at any time if it concludes that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines

///

that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standards

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set

///

forth the legal and factual basis for his or her claim.  Although Plaintiff generally sets forth only the facts of the arrest in which he was injured, his allegation that police officers "used excessive force" is an impermissible legal conclusion.  Assuming that Plaintiff has fully alleged the extent of the claimed assault, however, inclusion of the legal conclusion is harmless since it is not necessary to evaluate the elements of Plaintiff's claim.

## II.  Plaintiff's Complaint

### A.  Factual Allegations

According to the facts alleged in the complaint, on August 13, 2010, Plaintiff was arrested for a traffic violation.  Plaintiff initially attempted to flee, running away from the scene of the traffic stop.  Ultimately, he stopped and surrendered himself to Officers Martinez and Cavasos and several other officers.  Despite Plaintiff's surrender, the officers slammed Plaintiff on the concrete, twisting and injuring his left shoulder; kicked him in the face multiple times, breaking his nose; shot Plaintiff with a taser; and dropped a knee into Plaintiff's head, fracturing his cheekbone.

### B.  Defendants

The Court dismisses Plaintiff's complaint for amendment solely for the purpose of allowing Plaintiff to include in the caption all parties that appear to be named as defendants in the body of the complaint and to address his specific claims against the Hanford Police Department, if any such claims exist.

#### 1.  Hanford Police Department

The complaint includes no allegations against the Hanford Police Department.  The amended complaint must either omit the police department from the list of defendants in the caption or allege Plaintiff's claims against it in the body of the amended complaint.

#### 2.  Officers Martinez and Cavasos

Plaintiff names Officers Martinez and Cavasos within the body of the complaint, tying their actions to the assault on Plaintiff.  These officers should be listed as Defendants in the caption of the amended complaint.

///

///

### 3. <u>Unidentified Police Officers</u>

The complaint alleges that, in addition to Officers Martinez and Cavasos, a number of other officers participated in the assault. Plaintiff indicates that the additional officers' names should be identifiable from the police report of the incident as well as documents generated in the course of the subsequent internal affairs investigation.

The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997). *See also Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. *Id.* "While Doe pleading is disfavored, it is not prohibited in federal practice." *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

Although papers and pleadings submitted by *pro se* litigants are subject to a less stringent standard than those of parties represented by attorneys, a *pro se* plaintiff must follow the rules and orders of the Court, including diligently acting to identify any "John Doe" defendants named in his suit. *Grinage v. Leyba*, 2008 WL 199720 at 12 (D. Nev. January 17, 2008). When a Plaintiff is not able to name one or more Defendants when he files his complaint, he must provide sufficient information to enable the court and his opponents to know who he is trying to identify. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 n. 2 (1971) (in which "the District Court ordered that the complaint be served upon 'those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the petitioner'"), and *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the Court that the name could be secured "by inspecting the 'parole papers that the plaintiff signed at the time of his release' and the 'Duty Roster for that day.'")

Here, the complaint includes clear allegations against the unidentified officers, and Plaintiff has included information regarding his ability to identify their names in the course of discovery. In his amended complaint, Plaintiff estimate the potential number of unidentified officers and include them within the caption as "Johns Does #1- $x$" (where $x$ = the estimated maximum number of unidentified officers).

### E. Excessive Force

Plaintiff alleges that, even though he was not resisting arrest, he was attacked and injured in the course of his arrest. Under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, people are to be secure against unreasonable searches and seizures. *Maryland v. Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961). An officer may arrest a person without a warrant only if there is probable cause to believe that the person has committed or is committing an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Each case is determined on its specific facts and circumstances. *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996). Those facts and circumstances will determine the Fourth Amendment's reach in a particular case. *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

A seizure occurs when the government ends a person's freedom of movement by intentionally applied means. *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989). A claim of excessive force in the course of a seizure is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Id.*; *Graham v. Connor*, 490 U.S. 386, 388 (1989). Accordingly, to evaluate a Fourth Amendment claim, this Court must consider whether each Defendant's actions were objectively reasonable in light of the facts of the arrest. *Scott*, 550 U.S. at 381. Accordingly, the Court must consider whether the officer's actions were objectively reasonable in light of the facts and circumstances of the arrest, without regard to their underlying intent or motivation. *Graham*, 490 U.S. at 387. Reasonableness of the type of force used is evaluated from the perspective of an officer on the scene and must include an allowance for the fact that police officers are often forced to make a split-second determination of the necessary amount of force. *Id.*

///

The complaint includes allegations sufficient to allege the elements of excessive force. Plaintiff should not change these allegations in his amended complaint unless he discovers that he has omitted additional facts supportive of his claim.

### III.   Conclusion and Order

Except for inadequacies in setting forth in the caption names of Defendants against who allegations are made in the body of the complaint and in naming the Hanford Police Department as a Defendant in the caption without including factual allegations against it in the complaint, Plaintiff's complaint states a claim of excessive force upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*). Each individual against whom Plaintiff alleges claims should be named in the complaint's caption.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *Forsyth*, 114 F.3d at 1474; *King*, 814 F.2d at 567.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

///

3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:   June 7, 2012**                          /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE