# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LOUIS SAIZ,<br><br>    Plaintiff,<br><br>v.<br><br>HANFORD POLICE DEPARTMENT<br>OFFICERS CAVASOS and MARTINEZ,<br><br>    Defendants.<br>_____/ | CASE NO. 1:12-cv-00912-AWI-SMS<br><br>ORDER DISMISSING COMPLAINT,<br>WITH LEAVE TO AMEND OR<br>PROCEED WITHIN THIRTY DAYS<br><br><br>(Docs. 8 and 9) |

### Screening Order

Plaintiff Martin Louis Saiz, proceeds *pro se* and *in forma pauperis*, has filed an amended complaint and a supplementary statement of "facts of truth" alleging (1) excessive force in executing an arrest and (2) cruel and unusual punishment pursuant to 42 U.S.C. § 1983.

### I.    Screening Requirement

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and must dismiss it at any time if it concludes that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines

that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standards

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

**II.     Plaintiff's Complaint**

    **A.     Factual Allegations**

On August 13, 2010, Plaintiff was arrested for a traffic violation. Plaintiff initially attempted to flee, running away from the scene of the traffic stop. Ultimately, he stopped and surrendered himself to Hanford Police Officers Martinez and Cavasos. Despite Plaintiff's surrender, the officers slammed Plaintiff on the concrete, twisting and injuring his left shoulder; kicked him in the face multiple times, breaking his nose; shot Plaintiff with a taser; and dropped a knee into Plaintiff's head, fracturing his cheekbone.

Plaintiff was transported by ambulance to the emergency room of Hanford Community Hospital, where he was diagnosed with a fractured right cheekbone, right cheek skin abrasion, injured left arm and shoulder blade, bloody nose, and additional scratches and bruises. Officer Cavasos took photographs of Plaintiff's injuries, then offered Plaintiff the alternative of being transported to the Kings County Jail or to Fresno Trauma Center Hospital. On the advice of an emergency room nurse, Plaintiff elected transfer to the Fresno Trauma Center Hospital, where he was treated and released the next day.

    **B.     Excessive Force**

In its original screening order, dated June 8, 2012, the Court found that the original complaint stated a claim of excessive force incident to arrest under the Fourth Amendment to the U.S. Constitution. It dismissed Plaintiff's earlier complaint solely to permit Plaintiff to name the arresting officers as defendants. Defendant has appropriately done so. Accordingly, the Court will not repeat its legal analysis setting forth a brief summary of the elements of claims of excessive force incident to arrest.

The Court notes that following submission of his first amended complaint, Plaintiff also filed a supplemental statement of facts, more fully alleging the aftermath of the arrest, including his hospitalization. Although these allegations are not essential to establishing Plaintiff's excessive force claim, the Court find that the facts more fully develop Plaintiff's claim and should be incorporated into his complaint.

///

### C.     Cruel and Unusual Punishment

The Eighth Amendment's prohibition against cruel and unusual punishment protects *prisoners* from both inhumane methods of punishment and inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (*citing Farmer v. Brennan*, 511 U.S. 825, 847 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) (*quotation marks omitted*). The Eighth Amendment does not apply when an individual is not confined to jail or prison. A claim of excessive force incident to the arrest of an individual who is not confined is properly brought pursuant to the Fourth Amendment.  Plaintiff alleges a cognizable Fourth Amendment claim but, since he was not imprisoned when he alleges Defendants assaulted him, cannot state a cognizable claim under the Eighth Amendment.  Accordingly, Plaintiff should omit this claim from the complaint.

### III.    Conclusion and Order

Plaintiff's complaint states a claim under the Fourth Amendment against Defendants Cavasos and Martinez for use of excessive force.  This Court will provide Plaintiff with the opportunity to file an amended complaint incorporating his supplemental fact statement into his complaint and omitting references to his Eighth Amendment claim of cruel and unusual punishment.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on his Fourth Amendment claim, Plaintiff may so notify the Court in writing, and the Court will order incorporation into the first amended complaint of the supplemental fact statement and will recommend that the District Court   Plaintiff's Eighth Amendment claim.  The Court will then forward to Plaintiff two summonses and two USM-285 forms for completion and return.  Upon receipt of the completed forms, the Court will direct the United States Marshal to initiate service of process on Cavasos and Martinez.

If Plaintiff elects to file an amended complaint, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be

"complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint and supplemental statement of facts state a cause of action against Defendants Cavasos and Martinez for use of excessive force incident to arrest in violation of the Fourth Amendment to the U.S. Constitution;
2. Plaintiff's first amended complaint does not allege a valid Eighth Amendment claim of cruel and unusual punishment;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File a second amended complaint combining the first amended complaint and the statement of facts, and eliminating references to Plaintiff's Eighth Amendment claim, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed against Defendants Cavasos and Martinez solely on his Fourth Amendment claim of excessive force;
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a Court order.

IT IS SO ORDERED.

**Dated:    July 10, 2012**                     **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE