# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LOUIS SAIZ, | CASE NO. 1:12-CV-00912-AWI-SMS |
| Plaintiff, | ORDER DENYING MOTION FOR ENLARGEMENT OF TIME AND SETTING *TELEPHONIC* SCHEDULING CONFERENCE |
| v. | DATE:     June 11, 2013 |
| HANFORD POLICE DEPARTMENT, ET AL., | TIME:     10:30 AM |
| | COURTROOM: 1 (8th Floor) |
| Defendants. | (Doc. 23) |

On March 18, 2013, Plaintiff, proceeding *pro se*, filed a *ex parte* motion to further expand the time in which he must respond to Defendants' requests for admissions, requests for production of documents, and special interrogatories.  Seeking a sixty-day extension to May 17, 2013, Plaintiff reported that he was awaiting the receipt of his discovery requests to enable him to document his claims and identify the names of those persons with knowledge of the arrest that gives rise to his claims. In objecting to Plaintiff's motion, Defendants declared that "[t]here has [*sic*] never been any Rule 26 Initial Disclosures required of the parties," and complained of the ensuing lack of information regarding the nature of Plaintiff's claims.

In investigating Defendants' objections, the Court discovered that no scheduling order had been entered in this case.  As a result, Plaintiff's motions for enlargement of time are essentially meaningless.  Accordingly, this Court **DENIES** Plaintiff's motion for enlargement of

time and **ORDERS** that the parties participate in a scheduling conference at 10:30 a.m. on Tuesday, June 11, 2013, in Courtroom 1 of the U.S. District Courthouse, 2500 Tulare Street, Fresno California.

**Provisions Applicable to Scheduling Conferences**

Federal Rule of Civil Procedure 26(f) requires that, no later than 21 days before the Scheduling Conference, the parties must "... confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan."

Federal Rule of Civil Procedure 26(d) provides that, unless authorized by Federal Rules of Civil Procedure, or by order or agreement of the parties, no party may seek discovery from any source before the parties have conferred as required by Rule 26(f).

Federal Rule of Civil Procedure 26(a)(1) requires that, without waiting for a discovery request, among other things, a party must provide to other parties:

(1) The name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses identifying the subjects of the information;

(2) A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control or the party and that the disclosing party may use to support its claims or defenses; and

(3) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Telephonic attendance at the Scheduling Conference is *mandatory* upon each party not represented by counsel or, alternatively, by retained counsel.  Only counsel who are thoroughly familiar with the facts and law of the instant case and who have full authority to bind his or her

client shall appear.  Trial counsel should participate in this Scheduling Conference whenever possible.  Participants should expect to spend as much as 45 minutes in this Conference.

**One (1) full week prior to the Scheduling Conference,** Defense counsel shall electronically file in CM/ECF a Joint Scheduling Report, carefully prepared and executed by Plaintiff and  defense counsel in full compliance with the requirements set forth in Exhibit "A" attached hereto.  Defense counsel shall also email the report, in Word or WordPerfect format, to **smsorders@caed.uscourts.gov.**  For reference purposes, the Joint Scheduling Report must indicate the date, time, and courtroom of the Scheduling Conference opposite the caption on the first page of the Report and indicate on the face page that the conference is telephonic.

Defense counsel be responsible for making prior arrangements for a one-line conference call and shall initiate the call at the above-designated time.  **After all parties are on the line**, the call should be placed to Judge Snyder's chambers at (559) 499-5690.

**SHOULD PLAINTIFF OR DEFENSE COUNSEL FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN EX PARTE HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, OR SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED AND/OR ORDERED.**

IT IS SO ORDERED.

DATED: 4/24/2013                              /s/ SANDRA M. SNYDER
                                              UNITED STATES MAGISTRATE JUDGE

At least twenty (21) days prior to the Mandatory Scheduling Conference, the actual trial counsel for all parties shall conduct and conclude a conference at a time and place arranged by counsel for the plaintiff(s). This conference shall preferably be a personal conference between counsel but, due to the distances involved in this District, a telephonic conference call involving all counsel is permissible. The Joint Scheduling Report shall respond to the following items by corresponding numbered paragraphs:

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2. Any proposed amendment(s) to the pleadings presently on file shall be filed by its proponent contemporaneously with the Joint Scheduling Report. If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a Motion to Amend in accordance with the Rules of Practice of the Eastern District of California.

3. A summary detailing the uncontested and contested facts.

4. A summary of the legal issues as to which there is no dispute, i.e., jurisdiction, venue, applicable federal or state law, etc., as well as a summary of the disputed legal issues.

5. The status of all matters which are presently set before the Court, i.e., hearing all motions, etc.

6. A complete and detailed discovery plan, including:

    (a) A report of the results of the conference required by Federal Rules of Civil Procedure 26(f).
    (b) Any proposed changes in timing, form, or requirement for disclosures required under Federal Rules of Civil Procedure 26(a).
    (c) Any changes which should be made in the limitations on discovery imposed under Federal Rules of Civil Procedure 30, 31, and/or 33.
    (d) An outline of the subjects on which discovery may be needed.
    (e) Whether discovery should be conducted in phases or be limited to or focused upon particular subjects.
    (f) A firm cut-off date for discovery.
    (g) A proposed date for disclosure of expert witnesses pursuant to Federal Rules of Civil Procedure 26(a)(2).

7. Dates agreed to by all counsel for:

    (a) Filing pre-trial motions, with the understanding that motions will not be entertained after the agreed upon date. (No later than 45 days prior to the proposed Pre-Trial Conference date.)
    (b) Pre-Trial Conference date.
    (c) Trial date.

    All of these dates should be considered firm dates. Dates should be set to allow the Court to decide any matters under submission before the Pre-Trial Conference is set.

8. At the conference referred to above, counsel are encouraged to discuss settlement, and the Court will expect a statement in the Joint Scheduling Report as to the possibility of settlement. Counsel shall indicate whether they feel a settlement conference is desired, and when it should occur, i.e., before further discover, after discovery, after pre-trial motions, etc.

9. A statement as to whether the case is a jury or non-jury case.

10. An estimate of the number of trial days required. When counsel cannot agree, each party shall give his or her best estimate.

11. Whether either party requests bifurcation of trial or has any other suggestion for shortening trial. It should be noted that all federal tort claim cases are bifurcated as a matter of course.

12. Whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court.

13. Joint Scheduling Reports are to be emailed, in Word or WordPerfect format, to **smsorders@caed.uscourts.gov**.